Dear Representative Burch:
This opinion is in response to your question asking:
 May payments for tuition fees, charged by educational entities to provide coursework for high school credit, delivered to students via interactive satellite communications systems, be paid from the Teachers Fund pursuant to Sec. 165.011, subsections 1 and 3, RSMo?
The "tuition fees" to which you refer are sums paid by the local school district to an entity which provides the interactive satellite coursework. That entity has previously purchased classroom services from another school for purposes of transmitting them through interactive communication via satellite to a local public school.
Section 165.011.1, RSMo 1986, establishes the following funds for the accounting of all public school moneys: teachers' fund, incidental fund, free textbook fund, building fund and debt service fund. Subsection 3 of Section 165.011, RSMo 1986, provides in part:
 "Tuition shall be paid from either the teachers' or incidental funds."
If subsection 3 were the only statute on the subject, the question would be whether the term "tuition" in subsection 3 could include payments for interactive satellite instruction. However, the legislature has specifically addressed the subject of which fund can be used to pay for such instruction in Sections 170.051 and 170.057, RSMo 1986. Subsection 4 of Section 170.051 provides in pertinent part:
 The [public school] board may also expend either textbook fund moneys or incidental fund moneys to provide supplementary texts, library and reference books, contractual educational television services, and instructional supplies for all the pupils of the public schools of the district. [Emphasis added.]
Section 170.057 provides:
 The school board of any school district may expend either textbook fund moneys or incidental fund moneys to provide supplementary texts, library reference books, instructional supplies and contractual educational television services for the pupils of the district's elementary and secondary schools. [Emphasis added.]
These statutes prevail over subsection 3 of Section 165.011
on the issues raised in your opinion request.
 Statutes must be read in pari materia and, if possible, given effect to each clause and provision. Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general.
State ex rel. Fort Zumwalt School District v. Dickherber,576 S.W.2d 532, 536-537 (Mo. banc 1979). Accord, Westbrook v.Board of Education of the City of St. Louis, 724 S.W.2d 698,701 (Mo.App., E.D. 1987).
Therefore, even if the payments in question could be considered "tuition" under Section 165.011.3, the more specific statutes, Sections 170.051.4 and 170.057, prevail to provide that such payments must be made out of the free textbook or incidental funds.
Reference should also be made to the provisions of the "Video Instructional Development and Educational Opportunity Program" recently enacted in Section 170.250, RSMo Supp. 1988, which is effective January 1, 1989, and which the State Board of Education is responsible for implementing within ninety days after that date. The purpose of the program is "to encourage all educational institutions in Missouri to supplement educational opportunities through telecommunications technology and satellite broadcast instruction." Section 170.250.1. Under this program, the State Board of Education may use monies in the "Video Instructional Development and Educational Opportunity Fund" (established in the State Treasury pursuant to subsection 2 of Section 170.250) for contractual services and grants relating to the development and provision of educational opportunities which take place through telecommunication technology and satellite broadcasts. Subsections 5 and 6 of Section 170.250.
Regarding the payment for satellite broadcast services by local school districts under the program, Section 170.250.9 provides in pertinent part:
 9. Instructional programs developed under this section which are transmitted one way through the airwaves or by cable television shall be available to all residents of a state without charge or fee to the extent permitted by the Missouri Constitution. "Without charge or fee" shall not require the providing of equipment to transmit or receive telecommunications instruction or the providing of commercial cable television service . . . . If a subscription fee is charged by the originator of the program, the district or institution may pay the subscription fee for all participants from the grant under this section or from any other public or private fund legally authorized to be used for this purpose. . . .
Based on the above, subscription fees charged by the originator of programs developed under Section 170.250 may be paid by grants made under that statute. As for which of the funds created by Section 165.011.1 are "legally authorized to be used for this purpose," Sections 170.051.4 and 170.057 limit these in regard to public schools to the free textbook and incidental funds. Any grants to local public schools would have to be deposited in one of these funds under the following provision of subsection 1 of Section 165.011:
 Money donated to the school districts shall be placed to the credit of the fund where it can be expended to meet the purpose for which it was donated and accepted.
Grants made by the State Board of Education under Section170.250 to provide money to pay for these instructional programs, if made without legal consideration, would be considered donations for purposes of Section 165.011.1.[1]
 CONCLUSION
It is the opinion of this office that fees charged by educational entities to provide coursework for high school credit, delivered to students via interactive satellite communication systems, must be paid from either the free textbook fund or the incidental fund.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Black's Dictionary of Law (Fifth Edition) provides the following as one of the definitions of "grant" on page 629:
 "To bestow or confer, with or without compensation, a gift or bestowal by one having control or authority over it, as of land or money."
Webster's Third New International Dictionary provides as one of the definition of "grant" at page 989:
 "2: something granted; esp.: a gift (as of land or a sum of money) usu. for a particular purpose . . . ."
Webster's provides the following as one of the definitions of "donate" at page 673:
 "1. a: to make a free gift or a grant of: contribute esp. to a charitable cause or toward a public service institution . . . ."
As stated in State ex rel. Rothrum v. Darby,345 Mo. 1002, 137 S.W.2d 532, 539 (1940):
 "A donation according to Webster's International Dictionary, is a gift, a `voluntary alienation of property' or `gratuitous transfer of property.' `Donate' means `to give gratuitously or without any consideration.' 19 C.J. 444."
It was stated in Staley v. Paddock, 301 S.W.2d 878, 880
(K.C. Ct.App. 1957):
 "`A "donation" has no other meanings than a voluntary contribution or gift, which one may make or refuse to make, or he may elect.'" [Courts emphasis.]